

FILED
COURT OF COMMON PLEAS
2009 OCT -2 P 4: 07

## IN THE MONTGOMERY COUNTY OHIO COURT OF COMMON PLEAS
### CIVIL DIVISION

| | | |
|---|---|---|
| GINA KING<br>1956 West Stroop Road<br>Dayton, OH 45439 | : | CASE NO: **09 8097** |
| | : | JUDGE: |
| -vs- | : | |
| WAL-MART STORE # 5104<br>1701 West Dorothy Lane<br>Dayton, OH 45439 | : | |
| | : | |
| and | : | |
| JASON BROOKS, Store Manager<br>Wal-Mart Store # 5104<br>1701 West Dorothy Lane<br>Dayton, OH 45439 | : | **COMPLAINT FOR PERSONAL INJURIES** |
| | : | **JURY DEMAND ENDORSED HEREON** |
| and | : | |
| WAL-MART STORES, INC.<br>C/o CT Corporation, Statutory Agent<br>1300 E. 9th Street<br>Cleveland, OH 44114 | : | |

Now comes Gina King, hereinafter called the Plaintiff, by and through legal counsel, and for her complaint, states as follows:

AARON G. DURDEN & CO., L.P.A.
ATTORNEY AT LAW
10 WEST MONUMENT AVE
DAYTON, OHIO 45402
(937) 461 9400


EXHIBIT A

## FIRST CLAIM

1. Plaintiff, Gina King, is an individual residing in Montgomery County, Ohio.

2. Defendant, Wal-Mart Store #5104, is a branch store of Wal-Mart Stores, Inc., a Delaware Corporation doing business in Montgomery County, Ohio.

3. Defendant, Jason Brooks, is the store manager of Wal-Mart Store #5104, a branch store of Wal-Mart Stores, Inc., a Delaware Corporation doing business in Montgomery County, Ohio.

4. Defendant, Wal-Mart Stores, Inc., is the owner of Defendant Wal-Mart Store #5104, the employer of Defendant, Jason Brooks, Store Manager of Wal-Mart Store #5104, and is a Delaware Corporation doing business in Montgomery County, Ohio.

5. On or about December 20, 2008, Plaintiff, Gina King, was a customer and business invitee of the Defendant, Wal-Mart Store #5104, located at 1701 West Dorothy Lane, Dayton, Montgomery County, Ohio.

6. On or about December 20, 2008, Plaintiff, Gina King made purchases and exited the Wal-Mart Store #5104 to the parking lot to unload her purchases.

7. Upon leaving the Defendant, Wal-Mart #5104's store, Plaintiff, Gina King, while in the parking lot of the store, was robbed of her purse and shot in the abdomen.

8. In the course of its business activities, Defendant, Wal-Mart Store #5104, knew or should have known of previous crimes that had occurred in its parking lot that threatened the safety of is customers and business invitees and as such, should have known of its presence in sufficient time to remove it, or in sufficient time to sufficiently warn Plaintiff of its presence. This action and/or lack of action by Defendant, Wal-Mart Store #5104, were negligent and that negligence was a direct, proximate, and foreseeable cause of the injuries sustained by the Plaintiff.

9. As a direct, proximate, and foreseeable result of the Defendant, Wal-Mart Store #5104's negligence, Plaintiff, sustained bodily injuries which required medical treatment and will continue to require medical treatment in the foreseeable future. Some or all of these injuries are permanent.

10. As a direct, proximate and foreseeable result of the Defendant, Wal-Mart Store #5104's negligence, Plaintiff sustained pain, suffering, and emotional distress and will continue to sustain such pain, suffering, and emotional distress in the foreseeable future.

11. As a direct, proximate, and foreseeable result of the Defendant, Wal-Mart Store #5104's negligence, Plaintiff sustained a loss of earnings and earning capacity and will continue to sustain a loss of earnings and earning capacity in the foreseeable future.

## SECOND CLAIM

12. Plaintiff hereby incorporates all of the allegations in the preceding paragraphs as if fully rewritten herein.

13. In the course of his business activities, Defendant, Jason Brooks, Store Manager of Wal-Mart Store #5104, knew or should have known of previous crimes that had occurred in its parking lot that threatened the safety of its customers and business invitees and as such, should have known of its presence in sufficient time to remove it, or in sufficient time to sufficiently warn Plaintiff of its presence. This action and/or lack of action by Defendant, Jason Brooks, were negligent and that negligence was a direct, proximate, and forcseeable cause of the injuries sustained by the Plaintiff.

14. As a direct, proximate, and foreseeable result of the Defendant, Jason Brooks' negligence, Plaintiff, sustained bodily injuries which required medical treatment and will continue to require medical treatment in the foreseeable future. Some or all of these injuries are permanent.

15. As a direct, proximate and foreseeable result of the Defendant, Jason Brooks' negligence, Plaintiff sustained pain, suffering, and emotional distress and will continue to sustain such pain, suffering, and emotional distress in the foreseeable future.

16. As a direct, proximate, and foreseeable result of the Defendant, Jason Brooks' negligence, Plaintiff sustained a loss of earnings and earning capacity and will continue to sustain a loss of earnings and earning capacity in the foreseeable future.

## THIRD CLAIM

17. Plaintiff hereby incorporates all of the allegations in the preceding paragraphs as if fully rewritten herein.

18. In the course of its business activities, Defendant, Wal-Mart Stores, Inc., knew or should have known of previous crimes that had occurred in its parking lot that threatened the safety of is customers and business invitees and as such, should have known of its presence in sufficient time to remove it, or in sufficient time to sufficiently warn Plaintiff of its presence. This action and/or lack of action by

Defendant, Wal-Mart Stores, Inc, were negligent and that negligence was a direct, proximate, and foreseeable cause of the injuries sustained by the Plaintiff.

19. As a direct, proximate, and foreseeable result of the Defendant, Wal-Mart Stores, Inc.'s negligence, Plaintiff, Gina King, sustained bodily injuries which required medical treatment and will continue to require medical treatment in the foreseeable future. Some or all of these injuries are permanent.

20. As a direct, proximate and foreseeable result of the Defendant, Wal-Mart Stores, Inc.'s negligence, Plaintiff sustained pain, suffering, and emotional distress and will continue to sustain such pain, suffering, and emotional distress in the foreseeable future.

21. As a direct, proximate, and foreseeable result of the Defendant, Wal-Mart Stores, Inc.'s negligence, Plaintiff sustained a loss of earnings and earning capacity and will continue to sustain a loss of earnings and earning capacity in the foreseeable future.

## FOURTH CLAIM

22. Plaintiff hereby incorporates all of the allegations in the preceding paragraphs as if fully rewritten herein.

23. Defendant, Wal-Mart Stores, Inc. is the owner of Wal-Mart Store #5104 described in First Claim above.

24. In the alternative to the Third Claim, Defendant Wal-Mart Stores, Inc., through its store, Defendant Wal-Mart Store #5104, did negligently and carelessly maintain security on its premises, specifically its parking lot in such a manner as to create a hazardous and dangerous condition for the customers and business invitees as described in the First Claim above.

25. This hazardous and dangerous condition was created through the above negligence of the Defendant, Wal-Mart Stores, Inc. by failing to supervise its store, Defendant Wal-Mart Store #5104, in providing security for its customers and business invitees in the parking lot of the store.

26. As a direct and proximate result, Plaintiff sustained injuries and damages as set forth in the First Claim above.

**WHEREFORE,** Plaintiff, Gina King, demands in her favor and against Defendant, Wal-Mart Store #5104, compensatory damages, pecuniary loss, and non-pecuniary loss, in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars, plus all court costs, pre-judgment and post-judgment interest, attorney fees and all other relief this Court deems to be just and proper.

AARON G. DURDEN & CO., L.P.A.
ATTORNEY AT LAW
10 WEST MONUMENT AVE.
DAYTON, OHIO 45402
(937) 461-9400

4

**WHEREFORE,** Plaintiff, Gina King, demands in her favor and against Defendant, Jason Brooks, Store Manager of Wal-Mart Store #5104, compensatory damages, pecuniary loss, and non-pecuniary loss, in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars, plus all court costs, pre-judgment and post-judgment interest, attorney fees and all other relief this Court deems to be just and proper.

**WHEREFORE,** Plaintiff, Gina King, demands in her favor and against Defendant, Wal-Mart Stores, Inc., compensatory damages, pecuniary loss, and non-pecuniary loss, in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars, plus all court costs, pre-judgment and post-judgment interest, attorney fees and all other relief this Court deems to be just and proper.

Respectfully Submitted,

Aaron G. Durden, #0039862
Trial Counsel for Plaintiff
10 W. Monument Avenue
Dayton, Ohio 45402
(937) 461-9400

## JURY DEMAND ENDORSED HEREON

Plaintiff requests a jury of her peers hear all triable issues in this case.

Aaron G. Durden
Attorney at Law





IF UNDELIVERABLE RETURN IN 3 DAYS
GREGORY A. BRUSH
MONTGOMERY COUNTY CLERK OF COURTS
41 N PERRY STREET
DAYTON, OHIO 45422-2150

CERTIFIED MAIL

7104 2230 1690 1947 3513

RETURN RECEIPT REQUESTED

2009 CV 08097

WAL MART STORES INC
C/O CT CORPORATION STATUTORY AGENT
1300 E 9TH STREET
CLEVELAND, OH 44114

OCT 09 2009